of sugar, cereal, or other additive), the product of Nicaragua, assessed with duty at 3 cents per pound under paragraph 776 of the Tariff Act of 1930, is free of duty under item 160.20 of the Tariff Schedules, as amended by Public Law 88–337.

To the extent indicated, the protests are sustained. In all other respects, the protests are overruled.

Judgment will be entered accordingly.

No. 68946.—S. F. Pellas Co. and P. W. Bellingall, Inc. v. United States, protests 62/8622, etc. (San Francisco).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Nicaragua, entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiffs was sustained.

No. 68947.—S. F. Pellas Co. and P. W. Bellingall, Inc., et al. v. United States, protests 63/14510, etc. (San Francisco).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Nicaragua, entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiffs was sustained.

No. 68948.—S. F. Pellas & Co. and P. W. Bellingall, Inc., et al. v. United States, protests 64/11198, etc. (San Francisco).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of soluble or instant coffee (containing no admixture of sugar, cereal, or other additive), a product of Nicaragua, entered or withdrawn from warehouse prior to August 31, 1963, the effective date of the Tariff Schedules of the United States; that the protests were pending for decision by this

court on June 30, 1964, the date of enactment of Public Law 88–337; and that within 120 days after the date of enactment a request was filed with the collector of customs for reliquidation and classification of the merchandise free of duty under said Public Law, the claim of the plaintiffs was sustained.

**No. 68949.**—Manca, Inc. *v.* United States, protest 63/2949 (New York).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the articles of merchandise, designated on the invoice as "Monla Illuminator with iris diaphragms but without blue-grass disks as code BEECH-DEEMH," are not essential for the operation of a microscope, can be used with items other than microscopes, and that they are, in fact, lamps in chief value of metal, the claim of the plaintiff was sustained.

**No. 68950.**—Manca, Inc. *v.* United States, protest 64/4548 (New York).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the articles of merchandise, designated on the invoice as "Monla illuminators," are not essential for the operation of a microscope, can be used with items other than microscopes, and that they are, in fact, lamps in chief value of metal, the claim of the plaintiff was sustained.

**No. 68951.**—Manca, Inc. *v.* United States, protest 63/16230 (New York).

Opinion by OLIVER, C.J.   In accordance with stipulation of counsel that the articles of merchandise, designated on the invoices as "Monla lamps," are not essential for the operation of a microscope, can be used with items other than microscopes, and that they are, in fact, lamps in chief value of metal, the claim of the plaintiff was sustained.